*863 OPINION.
Korner:
The taxpayer filed a return of taxable income for the year 1918 computed on the basis of completed sales. On the basis of that return the Commissioner has determined a deficiency in tax in the amount of $1,659.61. The taxpayer does not deny that an audit of its return and books of account on the basis of completed sales properly discloses this deficiency. But the taxpayer does contend that its books of account were so kept as to entitle it to report its income on the installment-sales basis, in that from such books of account a complete system of installment-sales accountancy is susceptible of being evolved. In fact, since the filing of its original return, this taxpayer has, from such books of account, set up such a completed system. We are persuaded that the computations so made by the taxpayer correctly reflect the results obtained under the bookkeeping methods prescribed by article 42 of Regulations 45, as. interpreted and modified by Treasury Decision 3082 and subsequent rulings of the Commissioner.
In its appeal the taxpayer asks this Board to require the Commissioner to adopt as a basis for its return of net income for 1918 a proposed amended return computed on the installment-sales plan of accountancy. This Board has recently held in the Appeal of B. B. Todd, Inc., 1 B. T. A. 162, that it is without authority to require the Commissioner to permit the filing of returns and the computation of income and profits taxes, under the provisions of article 42 of Regulations 45, since such returns, if filed, would not “ clearly reflect the income ” of the taxpayer and the method of computing income provided in that article does not conform to section 200 of the Revenue Act of 1918. It is not necessary here to review extensively the reasoning in that opinion. However, certain portions thereof have pointed application to the facts in the instant appeal, as follows:
The Commissioner rejects the taxpayer’s proffered returns upon the ground that it did not, during the years in question, keep its books upon the basis now required by the Commissioner of those permitted to return income upon the installment basis. But the taxpayer can, from the books kept, compute its income as accurately as if it regularly kept books upon the basis the Commissioner deems necessary. Income is a matter of fact — not of bookkeeping. The taxpayer is entitled to any computation of income made from the facts which is warranted by the Revenue Act of 1918.
The taxpayer comes to the Board appealing from a rejection of its proposed returns upon the installment basis, insisting that the Board should require the Commissioner to compute its deficiency in tax, if any, on that basis. We find no warrant in law so to do.
In accordance with the decision in the Todd Appeal, supra, the deficiency determined by the Commissioner for the year 1918 in the amount of $1?659.61 is approved.